UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NICHOLAS SAMMIE LEE SMITH, JR.,
    Plaintiff,

v.                                       Case No.: 3:24cv611/TKW/ZCB

UNITED STATES
DEPARTMENT OF DEFENSE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, commenced this action by filing a complaint and paying the filing fee. (Doc. 1). On December 16, 2024, the Court struck Plaintiff's complaint as an impermissible shotgun pleading and ordered Plaintiff to file an amended complaint within twenty-one days. (Doc. 5). After failing to file an amended complaint by the deadline, the Court ordered Plaintiff to show cause for his failure to comply. (Doc. 6). During the show-cause response period, Plaintiff filed an amended complaint. (Doc. 7). Because Plaintiff's amended complaint is also a shotgun pleading, this case should be dismissed.

1

## I. Background

Plaintiff names three Defendants in his amended complaint: (1) the U.S. Department of Defense; (2) Cedric Levar Smith; and (3) Timothy Baldwin. (Doc. 7 at 1, 4). It appears Plaintiff is a former U.S. Marine who alleges a fellow Marine—Defendant Smith—sexually assaulted Plaintiff in California on April 21-22, 2018. And according to Plaintiff, the Department of Defense failed to notify Plaintiff of the results of a sexual assault examination. (*Id.* at 4-5; Doc. 7-1 at 3).

Plaintiff complains that he "was never assigned an attorney from April 22, 2018[,] to December 18, 2019[,]" regarding this alleged assault. (Doc. 7 at 5). Plaintiff states that he "received a troubling phone call" from Defendant Baldwin who allegedly pressured Plaintiff "into altering [Plaintiff's] decision making" and urged Plaintiff to "suppress [Plaintiff's] safety and livelihood" and "prioritiz[e] the safety, livelihood, career, and longevity of Cedric Levar Smith." (*Id.*). Plaintiff alleges this phone call violated the Uniform Code of Military Justice and was never investigated. (Doc. 7-1 at 6). Plaintiff states he notified every senior leader in the Department of Defense and "they've done nothing." (*Id.*). Plaintiff lists the various alleged failures of the Department of Defense to provide him with

2

counsel, treatment, or act on his complaints going back to 2019. (Doc. 7-1 at 4-13).

Plaintiff states that he is brining claims under: (1) "Section 503(c) of the Victims' Rights and Restitution Act of 1990 (42 U.S.C. § 10607(c)); (2) Victims' Bill of Rights (DOD Directive 1030.01; (3) 18 U.S.C. § 3771; (4) 10 U.S.C. § 1034; (5) Section 539A of NDAA; (6) Navy Reg Article 1137; (7) Civil Rights Act of 1964." (Doc. 7 at 6). Plaintiff seeks damages of $305,260,000,000 from the Department of Defense, $308,000,000,000 from Defendant Smith, and $1,300,000 from Defendant Baldwin. (*Id.* at 6-7). Plaintiff also seeks relief under 10 U.S.C. § 1413 "to allow or create an amendment for sexual assault victims to qualify for concurrent retirement disability pay." (*Id.* at 7). Plaintiff lastly seeks "relief to amend or review the *Feres* Doctrine and the Federal Tort Claims Act" service members to file claims "for/under legal malpractice by violating their crime victim rights." (*Id.* at 8).

## II. Discussion

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). And Rule 10(b) requires a plaintiff to "state its claims [] in numbered paragraphs, each

limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And district courts have the "authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The Eleventh Circuit has explained that there are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324-25 (cleaned up). What all four types of shotgun pleadings have in common is "that they fail to one degree or another, and in one way or another, to give

the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). And dismissing shotgun pleadings (or requiring a more definite statement) is necessary because "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together" a plaintiff's claims. *Barmapov*, 986 F.3d at 1327-28 (Tjoflat, J., concurring).

Plaintiff's amended complaint is a shotgun pleading because it "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1325 (cleaned up). Not only has Plaintiff failed to clearly identify the factual basis for each claim he brings, but he also fails to specify which claims are brought against which of the three Defendants.

Section IV of the complaint form instructed Plaintiff that if "more than one Defendant is named, indicate which claim is presented against which Defendant." Yet, Plaintiff lists seven claims without identifying the specific Defendant(s) each claim is brought against. (Doc. 7 at 6). Plaintiff references various federal statutes and military regulations but does not link any of his factual allegations to these claims or explain how his

allegations support a violation of such statutes and regulations. Thus, Defendants are left to "speculate as to which factual allegations pertain to which count." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1360 n.9 (11th Cir. 1997) (finding a shotgun pleading where "[m]any of the factual allegations appear to relate to only one or two counts, or to none of the counts at all"); *see also Nguida v. Lake Cnty. Sch. Dist.*, No. 5:24cv714, 2025 WL 268237, at *1 (M.D. Fla. Jan. 22, 2025) (dismissing complaint as a shotgun pleading because it "asserts multiple claims against multiple defendants without specifying which of the defendants the claim is brought against").

As explained above, Plaintiff's amended complaint is an impermissible shotgun pleading. It fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (cleaned up). The Court recognizes that Plaintiff is proceeding *pro se* and that *pro se* pleadings are construed liberally. *See, e.g., Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). But a court is not tasked with rewriting a deficient pleading, even if brought by a *pro se* party. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as

6

*de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (cleaned up)).

Plaintiff was told of the deficiencies in his prior complaint, provided with an opportunity to re-plead the complaint to cure those deficiencies, and warned that a failure to do so would result in a recommendation of dismissal of this case. (Doc. 5). Nonetheless, Plaintiff has filed an amended complaint that suffers from similar deficiencies. Thus, dismissal is warranted.[1] *See Jackson*, 898 F.3d at 1358 (explaining that the district court should "give the plaintiff one chance to remedy such deficiencies" before dismissing the complaint as a shotgun pleading); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (affirming dismissal of a shotgun pleading after the court provided the plaintiff with an opportunity to file an amended complaint).

## III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

---

[1] It bears mentioning that Plaintiff would be unable to recover money damages from the Department of Defense because it is subject to sovereign immunity. And most of the statutes and regulations under which Plaintiff purports to be bringing claims do not provide for private causes of action. Moreover, it is highly unlikely that this Court is the appropriate venue to adjudicate an action involving conduct that occurred in California. But because Plaintiff's complaint is clearly subject to dismissal as a shotgun pleading, it is unnecessary for the Court to address in detail these other defects in Plaintiff's case.

1.  Plaintiffs' amended complaint (Doc. 7) be **DISMISSED** as an impermissible shotgun pleading; and

2.  The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 18th day of March 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.